UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(10) ADIANGEL PAREDES,<br><br>Defendant | No. 19-cr-40049-TSH(s) |

**OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

The United States of America, by Andrew E. Lelling, United States Attorney, and Alathea E. Porter, Assistant United States Attorney, hereby opposes defendant Adiangel Paredes' (hereinafter, the "defendant") Motion to Reopen Detention Hearing (hereinafter, the "Motion"). ECF Dkt. 278. For the reasons set forth herein, the Court should deny the Motion.

**PROCEDURAL BACKGROUND**

On July 23, 2020, the defendant was arrested in connection with a superseding indictment charging him, and seventeen others, with controlled substance offenses in violation of 21 U.S.C. §§ 846 and 841(a)(1). The superseding indictment charges the defendant with conspiring to distribute wholesale quantities of a deadly fentanyl and heroin mixture to multiple individuals in the Fitchburg, Massachusetts area.

Following his arrest, the government moved for detention. After a lengthy detention hearing—in which the Government presented substantial evidence concerning, *inter alia,* the nature and scope of the drug trafficking organization ("DTO") and the defendant's role as fentanyl/heroin supplier to the DTO—Chief Magistrate Judge Kelley concluded that the defendant should be detained until trial. ECF Dkt. 169. Specifically, Chief Magistrate Judge Kelley concluded that the government had proven by "clear and convincing evidence that no condition or

combination of conditions of release will reasonably assure the safety of any other person and the community," and that the government had proven by "a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *See id.*

The defendant subsequently filed a motion with this Court to revoke Chief Magistrate Judge Kelley's detention order. ECF Dkt. 178. The government filed an opposition to that motion. ECF Dgkt. 195. In support of its opposition, the government filed a detention affidavit, along with three drug laboratory reports. *See id.* Following a hearing on that motion, this Court ordered the defendant detained, finding that there was no condition or combination of conditions sufficient to secure his appearance at trial. ECF Dkt. 204 (hereinafter, "Detention Order").

On December 15, 2020, the defendant filed the instant Motion, asking this Court to reopen the detention proceedings, pursuant to 18 U.S.C. § 3142(f)(2), claiming that "information exists that was not known to [him] at the time of the hearing and has material bearing on the issue whether there are conditions of release that will reasonably assure [his] appearance [] as required." *See* Motion, ¶ 7 (quoting section 3142(f)(2)). Specifically, the defendant now claims to have access to real estate that can be posted as security. *Id.*, ¶ 8.

## ARGUMENT

In response to the defendant's motion to revoke the detention order issued by Chief Magistrate Judge Kelley, the government filed a lengthy memorandum in opposition, along with four exhibits. ECF Dkt. 195. For the sake of brevity, the government herby incorporates that opposition (ECF Dkt. 195) as if fully set forth herein. In the Detention Order, this Court held that the defendant was a risk of flight and that there was no condition or combination of conditions that would assure his appearance as required. *See* Detention Order, at 7-8. Specifically, the Court

noted that the defendant was (1) "facing a multi-year period of incarceration followed by almost certain deportation;" (2) the defendant has "significant family ties to [his] home countr[y];" and (3) the defendant had "no real estate or other assets to post as security for [his] appearance." *Id*. The Court further held, "[t]he reality is that [the defendant is] charged with a serious drug offense and there is no incentive for [him] to remain in the United States to face those charges given the overwhelming evidence against [him] and the near certainty of deportation and separation from [his] relatives in the United States after serving a sentence that would be in the range of 3 to 10[1] years." *Id*, at 8.

In the Motion, the defendant suggests that he now has access to real estate, which can be used as security to assure his appearance (Motion, ¶ 8), but he fails to provide sufficient evidence of the escrow value in the property and his access to use it as security. The defendant included a publicly available estimate of the property value for the real estate from Zillow. *See* Motion, Exhibit 1. The Motion also lists the purported escrow in that property, however, the defendant provides no support for that figure (*e.g.,* a mortgage statement). The defendant asserts that the property is owned by Romeo M. Andrande—a friend of the defendant who he has known for two years—and that Mr. Andrande is willing to post this property as security (Motion, ¶ 8), but he offers no support for those assertions. The Motion contains no evidence to support the claim of

---

[1] The defendant is currently facing a statutory mandatory minimum sentence of 10 years pursuant to 21 U.S.C. § 841(b)(1)(A)(vi). At the detention hearing, the defendant claimed that if he were safety valve eligible the potential sentence could be reduced to three years. The defendant offered no factual support for such a claim. As stated in the government's opposition (ECF Dkt. 195), and at the detention hearing, the defendant is responsible for well-over 550 grams of fentanyl. Pursuant to USSG § 2D1.1(c)(5), such drug weight results in a base offense level of 30. Even if he is determined to be a criminal history category I, *and* to have satisfied the statutory requirements for the safety-valve, *and* he were to plead guilty, he would still be facing a guideline sentencing range of 57-71 months. For purposes of these proceedings, this Court previously accepted the defendant's calculation, however, the defendant offered no factual support for his calculation, and indeed, there is no basis to support that calculation.

Mr. Andrade's ownership in the property, nor does the Motion include an affidavit from Mr. Andrade affirming his willingness to offer the property as security.

Even if the defendant were to amend his Motion to present such evidence to the Court and cure these evidentiary deficiencies, the Motion should still be denied. The purported security addresses but one of multiple concerns raised by this Court with respect to the defendant's risk of flight. He offers no new evidence or factual support to overcome the Court's holding that he is "facing a multi-year period of incarceration followed by almost certain deportation," that he has "significant family ties to [his] home countr[y]," and that he is "charged with a serious drug offense and there is no incentive for [him] to remain in the United States to face those charges given the overwhelming evidence against [him] and the near certainty of deportation and separation from [his] relatives in the United States after serving a sentence that would be in the range of 3 to 10 years." Detention Order, at 8.

In light of the overwhelming evidence in this case, the defendant's significant ties to another county, the lengthy sentence he is facing to be followed by almost certain deportation, security in the form of real estate purportedly owned by a relatively new friend is insufficient to assure the appearance of this defendant.

## CONCLUSION

Based on the foregoing, the Court should DENY the defendant's Motion to Reopen Detention Hearing.

        Respectfully submitted,
        ANDREW E. LELLING
        United States Attorney

By:   /s/ *Alathea E. Porter*
       Alathea E. Porter
       Assistant U.S. Attorney

Date: December 16, 2020

## Certificate of Service

    I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on December 16, 2020, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    By:    /s/ *Alathea E. Porter*
                                                    Alathea E. Porter
                                                    Assistant U.S. Attorney