UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| (10) ADIANGEL PAREDES, | )   Criminal No. 19-CR-40049-TSHs |
| | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S MOTION IN LIMINE REGARDING CRIMINAL HISTORIES OF COOPERATING WITNESSES**

Pursuant to Federal Rule of Evidence 609, the United States of America, by its undersigned attorneys, hereby moves to preclude the defendant from either eliciting testimony during the trial, or referencing during opening statement or closing argument, the prior criminal histories of two cooperating witnesses the government anticipates calling in its case-in-chief (respectively, "CW-5" and "CW-6"), as all prior convictions included in such histories are over ten years old and any probative value they may have had has expired, and any continuances without a finding (CWOFs) contained therein are inadmissible.

Subject to Federal Rule of Evidence 403, Rule 609 provides for impeachment of witnesses by evidence of certain crimes, including felonies and those having as an element dishonesty or false statement. Fed. R. Evid. 609(a)(1), (2). Convictions more than ten years old are "generally excluded," and should only be admitted "sparingly and in especially compelling circumstances." *United States v. Quoc Nguyen*, 542 F.3d 275, 278, 280 (1st Cir. 2008); *see* Fed. R. Evid. 609(b). Under Rule 609(b), a conviction from more than ten years ago is inadmissible unless a court finds that "its probative value, supported by specific facts and circumstances, *substantially outweighs* its prejudicial effect." Fed. R. Evid. 609(b)(1) (emphasis added).

CWOFs are not convictions within the meaning of Rule 609 and are thus not admissible. *See United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) ("[Rule] 609 permits impeachment

by evidence of past convictions, but does not apply to crimes charged for which there has been no conviction"); *LeBon v. United States*, 899 F. Supp. 722, 730 & n.5 (D. Mass. 1995) (stating that a continuation without a finding "does not amount to a 'conviction' for purposes of Rule 609") (citing *United States v. Roberts*, 39 F.3d 10, 11 (1st Cir. 1994); *Arnold v. Panora*, 593 F.2d 161, 163 n.4 (1st Cir. 1979)).

Based upon a review of CW-5's prior criminal record as maintained by the Massachusetts Board of Probation ("BOP"), CW-5 received two CWOFs in 2011, which were subsequently dismissed. These CWOFs are not convictions within the meaning of Rule 609 and are thus inadmissible thereunder. *Parker*, 133 F.3d at 327; *LeBon*, 899 F. Supp. at 730.

Based upon a review of CW-6's prior criminal record as maintained by the Massachusetts BOP, CW-6's prior criminal record includes several convictions, all of which are more than ten years old and exceed Rule 609's ten-year limit on admissibility. Indeed, CW-6's most recent conviction was approximately 12 years ago, in 2010. Further, as far as the government is aware, the only charge in CW-6's prior criminal record related to honesty or trustworthiness is a January 1991 true name violation charge (also known as giving a false name to a police officer), stemming from a November 1990 incident. As an initial matter, based on a review of CW-6's criminal record as maintained by the Massachusetts BOP and the associated state court docket sheet, a redacted copy of which is attached hereto as Exhibit 1, it appears the charge was placed on file without a change of plea (and was not, for example, placed on file with a guilty plea). As such, it appears this charge is not a conviction within the meaning of Rule 609 and is thus inadmissible thereunder. Regardless, even assuming *arguendo* such charge did result in a conviction – which the evidence presently available indicates it did not – the underlying incident occurred over thirty years ago. Any probative value it may have once had has now expired and does not "substantially outweigh

2

its prejudicial effect." Fed. R. Evid. 609(b)(1). CW-6's prior convictions and January 1991 charge thus do not constitute admissible impeachment evidence under Rule 609.

As such, the government respectfully requests that the Court preclude any evidence or argument regarding the prior criminal records of CW-5 and CW-6.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated:  September 30, 2022     By:   /s/ Sarah B. Hoefle
                                     Alathea E. Porter
                                     Sarah Hoefle
                                     Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I certify that, on September 30, 2022, I caused a copy of the foregoing document to be served via the ECF system on all counsel of record.

Dated:  September 30, 2022     By:   /s/ Sarah B. Hoefle
                                     Alathea E. Porter
                                     Assistant United States Attorney